IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No.: 2:23-cr-49-RAH-SMD |
| | ) |
| ARTHUR LEE SIMMONS, JR. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Defendant Arthur Lee Simmons, Jr. ("Simmons") is charged in a six-count indictment with various drug and firearms crimes. Indictment (Doc. 1). Evidence of these crimes was found in a residence that was searched pursuant to a search warrant. Mot. (Doc. 19); Resp. (Doc. 25). Simmons moves the Court to suppress the evidence found in that search, arguing that the affidavit supporting the search warrant does not establish probable cause. Mot. (Doc. 19). For the following reasons, the undersigned RECOMMENDS that Simmons's Motion to Suppress (Doc. 19) be DENIED without an evidentiary hearing.

**I.    THE SEARCH WARRANT AFFIDAVIT**

On August 2, 2022, Detective T.C. Curlee ("Detective Curlee") applied for a search warrant to search a residence located at 2629 East Fifth Street, Montgomery, Alabama. Mot. (Doc. 19) pp. 2-3. Montgomery County Circuit Court Judge Jimmy Pool ("Judge Pool") approved the search warrant that same day. *Id.* at 2. On August 5, 2022, the Montgomery Police Department ("MPD") Special Operations Division and MPD SWAT team executed the search warrant. *Id.* Weapons and drugs were recovered including four 9mm pistols; one .45 caliber pistol; one .22 caliber pistol; one .57 caliber pistol; one 300

blackout pistol; assorted ammunition and firearms magazines were found in the residence or in vehicles located on the property. *Id*. at 2. In addition to the firearms, marijuana, crack and powder cocaine, oxycodone, prescription pills, and fentanyl were recovered. *Id*. at 2-3.

Detective Curlee's affidavit in support of the search warrant reads as follows:[1]

Probable cause being on June 28, 2022, while investigating the complaint at 2629 East Fifth Street Montgomery, Alabama, SWAT Operator conducted a probable cause stop on a Harley Davidson, which left the residence. Subsequent to the traffic stop, Operators located a white, rock-like substance which appeared to be cocaine, located in the fanny pack of the driver. The driver of the motorcycle was brought to SOD and interviewed. During the interview, the driver advised that he/she purchased narcotics from this particular residence often.

Further probable cause being that on July 6, SWAT Operators attempted to conduct a probable cause traffic stop on a blue, 2016 Audi A5, bearing Alabama license plate #3A01NXH, which left the residence. After a pursuit, the vehicle crashed into a ditch in the area of Atlanta Highway and Bell Road, Montgomery, Alabama. Operators observed a small baggie of M30 pills, which have recently been identified as fentanyl within this Drug Trafficking Organization (DTO) which is operating at 2629 East Fifth Street.

Further probable cause being that on July 30, 2022, SWAT Operators attempted to conduct a probable cause traffic stop on a black Dodge Charger, bearing Alabama license plate #DAS089, which left the residence. SWAT Operators initiated lights and sirens for a traffic violation. Initially, the Charger pulled over but as Cpl. Curlee approached the vehicle, it fled. This action started a vehicle pursuit which concluded when Cpl. D.R. Hill observed the vehicle on Godfrey Street. The vehicle was towed to Special Operations, to be searched, pending a search warrant. Judge Jimmy Pool

---

[1] Simmons did not attach the search warrant to his motion to suppress. It is a defendant's burden to show that a search warrant is invalid, and by not attaching the search warrant, Simmons has not properly supported his motion. Nonetheless, Simmons provided a block quote of the probable cause section of Detective Curlee's affidavit in support of the search warrant, which is the substance of his challenge. Mot. (Doc. 19) p. 3. The Government does not object to the language provided by Simmons in his motion. Thus, the undersigned will assume for purposes of this Recommendation that the language provided is the actual language set forth in the affidavit and will review accordingly.

2

signed a search warrant authorizes the search of the vehicle. Subsequent to the search, an amount of Marijuana was located inside of the vehicle.

*Id*. at 3.

## II. FOURTH AMENDMENT "STANDING"

To challenge a search under the Fourth Amendment, a defendant bears the burden of showing a legitimate expectation of privacy in the area searched. *United States v. Brazel*, 102 F.3d 1120, 1147-48 (11th Cir. 1997); *United States v. Ramos*, 12 F.3d 1019, 1023 (11th Cir. 1994). Whether a defendant has a legitimate expectation of privacy in an area is determined by examining subjective and objective components. *United States v. Segura-Baltazar*, 448 F.3d 1281, 1286 (11th Cir. 2006); *United States v. Robinson*, 62 F.3d 1325, 1328 (11th Cir. 1995). "'The subjective component requires that [the defendant] exhibit an actual expectation of privacy, while the objective component requires that the privacy expectation be one that society is prepared to recognize as reasonable.'" *Robinson*, 62 F.3d at 1328. A defendant's bare claim that he has an interest in the items seized during a search is insufficient to establish that his Fourth Amendment rights were implicated. *United States v. Chaves*, 169 F.3d 687, 690 (11th Cir. 1999).

Here, Simmons does not provide any facts pertaining to his interest in 2629 East Fifth Street. Indeed, Simmons does not claim to reside at or even visit the address. Thus, Simmons has not shown that he has a legitimate expectation of privacy in 2629 East Fifth Street that would afford him the opportunity to challenge its search. Nonetheless, the Government indicates in its response that the address searched is Simmons's residence. *See* Resp. (Doc. 25) p. 2 (officers "executed the search warrant at Simmons'[s] residence, 2629

3

East Fifth Street"); *id*. at p. 4 ("Simmons asks the court to suppress all evidence obtained during . . . the search of his residence[.]"); *id*. at 6 ("The affidavit establishes . . . evidence of a stead operation at Simmons'[s] residence[.]"). Thus, because the Government does not raise and may have waived the standing issue, the undersigned will assume for purposes of this Recommendation that Simmons has a sufficient privacy expectation in the residence located at 2629 East Fifth Street to challenge its search.

### III.   SIMMONS'S ARGUMENT

Simmons argues that Detective Curlee's affidavit "fails to establish probable cause for a search of [his residence] at the time that Judge Pool signed the search warrant." Mot. (Doc. 19) p. 5. Specifically, Simmons contends that Detective Curlee's affidavit contains four allegations—i.e., an unspecified "complaint" about the residence and three traffic stops where drugs were discovered in vehicles leaving his residence—that are insufficient alone or in combination to establish probable cause. *Id*. pp. 4-7. Further, Simmons alleges that one of the traffic stops was stale by the time the warrant was executed and should be excised from the probable cause determination. *Id*. at 6. Finally, Simmons speculates that the traffic stops cited by Detective Curlee could be unconstitutional, making the search warrant based on "illegally gained evidence." *Id*.

Simmons's challenge to whether Detective Curlee's affidavit establishes probable cause is a legal issue that may be resolved by looking to the four corners of the affidavit. *See United States v. Allison*, 953 F.2d 1346, 1350 (11th Cir. 1992) (stating that the "question of what amounts to probable cause is purely a question of law"); *United States v. Contreras-Rodriguez*, 2007 WL 1857247, at *1 n. 1 (M.D. Ala. June 27, 2007) (noting

4

that a reviewing court will only consider information contained within the four corners of the affidavit to determine whether there is probable cause) (citing *Donovan v. Mosher Steel Co.*, 791 F.2d 1535 (11th Cir. 1986)). Thus, an evidentiary hearing is not necessary to resolve Simmons's motion to suppress. *See United States v. Horne*, 198 F. App'x 865, 870 (11th Cir. 2006) (holding that the district court did not abuse its discretion in not holding an evidentiary hearing regarding whether the search warrant lacked probable cause).

IV.     **APPLICABLE LAW**

The Fourth Amendment guarantees the right of individuals "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizure." U.S. CONST. AMEND. IV. It further provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *Id.* Probable cause to support a search warrant exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Trader*, 981 F.3d 961, 969 (11th Cir. 2020); *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999).

To establish probable cause to search a residence, an affidavit must connect the defendant with the residence to be searched and link the residence and the alleged criminal activity. *United States v. Upshaw*, 2021 WL 130968, at *1 (M.D. Ala. Jan. 13, 2021) (quotations omitted) (citing *Trader*, 981 F.3d at 969). "'The nexus between the objects to be seized and the premises to be searched can be established from the particular circumstances involved and need not rest on direct observation.'" *Id.* (quoting *United*

*States v. Jenkins*, 901 F.2d 1075, 1080 (11th Cir. 1990)). The Government must "reveal facts that make it likely that the items being sought are in that place when the warrant issues." *United States v. Domme*, 753 F.2d 950, 953 (11th Cir. 1985).

Affidavits submitted in support of search warrants are presumptively valid. supporting search warrants are presumptively valid. *Franks v. Deleware*, 438 U.S. 154, 171 (1978) ("There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant."); *United States v. Lebowitz*, 676 F.3d 1000, 1010 (11th Cir. 2012) ("Affidavits supporting warrants are presumptively valid."). In reviewing the validity of a search warrant, a court must consider the totality of the circumstances. *See Brundidge*, 170 F.3d at 1352. This requires examining a supporting affidavit "in its entirety" instead of "judging [its] bits and pieces of information in isolation." *Massachusetts v. Upton*, 466 U.S. 727, 732 (1984). In other words, a reviewing court should apply "a realistic and commonsense approach" rather than a "hypertechnical" interpretation of supporting affidavits. *United States v. Miller*, 24 F.3d 1357, 1361 (11th Cir. 1994).[2] "[R]eviewing courts lend substantial deference to an issuing magistrate's probable cause determinations." *Id.* at 1363.

## V.  ANALYSIS

Detective Curlee's affidavit establishes probable cause to search 2629 East Fifth

---

[2] *See also Gates*, 462 U.S. at 241 (Probable cause determinations "are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."); *United States v. Laster*, 2021 WL 5311341, at *10 (N.D. Ga. July 16, 2021) (internal quotations omitted) (alterations in original) (citing *Miller*, 24 F.3d at 1361) ("[T]he issuing magistrate [judge] is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit . . . , there is a fair probability that contraband or evidence of a crime will be found in a particular place.").

Street. Alternatively, even if Detective Curlee's affidavit does not establish probable cause, the *Leon* good faith exception applies.

### 1. Detective Curlee's affidavit establishes probable cause to search the residence at 2629 East Fifth Street.

Simmons argues that Detective Curlee's affidavit lacks sufficient information to establish probable cause to search the residence at 2629 East Fifth Street. Detective Curlee's affidavit provides four pieces of information that contribute to the probable cause determination:

1. A "complaint" was made about 2629 East Fifth Street. Mot. (Doc. 19) p. 4.

2. On June 28, 2022, while investigating the complaint, law enforcement conducted a probable cause stop on a Harley Davidson leaving the residence. *Id*. During this stop, officers found a substance that appeared to be cocaine located in the driver's fanny pack. *Id*. When interviewed, the driver indicated that he/she often purchased narcotics from this residence. *Id*.

3. On July 6, officers attempted to conduct a probable cause traffic stop on a vehicle that left the residence. *Id*. The vehicle fled and, after a pursuit, crashed into a ditch. *Id*. Thereafter, officers observed a small baggie of fentanyl pills. *Id*.

4. On July 30, officers attempted to conduct a probable cause traffic stop on a vehicle that left the residence. *Id*. The driver initially pulled over but then fled. *Id*. The vehicle was later located and towed and searched pursuant to a warrant. *Id*. Marijuana was located inside the vehicle. *Id*.

In sum, then, Detective Curlee's affidavit provides that, on three separate occasions,

officers found drugs in vehicles that were leaving the residence. During two of those traffic stops, the drivers fled from police. During one stop, the driver indicated that he/she often purchased narcotics at the residence. Based on these circumstances, it is reasonable to conclude that drugs were being exchanged at the residence.[3] Thus, under the totality of these circumstances and the deference afforded to Judge Pool's determination, the undersigned finds that Detective Curlee's affidavit establishes probable cause to search 2629 East Fifth Street.

In an attempt to undermine Judge Pool's probable cause finding, Simmons contends that the June 28th stop (wherein the driver indicated that he/she purchased narcotics from the location) is stale and should be excised from the probable cause determination. When addressing a staleness challenge, a court considers "the maturity of the information, nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched." *United States v. Harris*, 20 F.3d 445, 450 (11th Cir. 1994)). Importantly, stale information is not fatal if an affidavit "updates, substantiates, or corroborates the stale material." *United States v. Green*, 40 F. 3d 1167, 1172 (11th Cir. 1994). And if conduct is continuous, time is a less significant factor. *United States v. Bervaldi*, 226 F.3d 1256, 1265 (11th Cir. 2000).

Here, Detective Curlee's affidavit indicates that there was an ongoing drug operation at the residence. An ongoing drug operation constitutes continuous conduct; therefore, the time between the June 28th stop and the execution of the warrant is less

---

[3] While it is *possible*, as Simmons argues, that the drugs found during the traffics stops were not associated with the residence, common sense suggests otherwise.

significant. But even if the June 28th stop is stale, the remaining two traffic stops update, substantiate, and corroborate the information officers received from the June 28th stop—that drugs were being exchanged at the residence. Therefore, the staleness challenge fails.

Further, Simmons speculates that the traffic stops cited by Detective Curlee were unconstitutional, tainting the probable cause determination with "illegally gained evidence." Mot. (Doc. 19) pp. 5-7. While evidence obtained from a search warrant that relies on illegally-gained information may be suppressed,[4] Simmons merely invites the Court to question whether the traffic stops were unconstitutional. Without any sort of showing that the stops were illegal, the undersigned declines to engage in such conjecturing to exclude the evidence recovered from the search.[5]

### 2.  The *Leon* good faith exception applies.

While "[e]vidence seized as the result of an illegal search may not be used by the government in a subsequent criminal prosecution," an exception to this rule is the "good faith" exception set forth by the Supreme Court in *United States v. Leon*, 468 U.S. 897, 922 (1984). *United States v. Martin*, 297 F.3d 1308, 1312 (11th Cir. 2002).

The *Leon* good faith exception "stands for the principle that courts generally should not render inadmissible evidence obtained by police officers acting in reasonable reliance

---

[4] *See Nix v. Williams*, 467 U.S. 431, 443-44 (1984). Notably, the exclusionary rule does not apply if the evidence would have been inevitably discovered through lawful means or there is an independent source for the illegally-obtained information. *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978).

[5] Notably, because Simmons has not alleged any interest in the vehicles involved in the traffic stops, he cannot personally challenge the constitutionality of their searches. *See Rakas*, 439 U.S. at 133-34 ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.").

upon a search warrant that is ultimately found to be unsupported by probable cause." *Id.* at 1313. "The *Leon* good faith exception requires suppression 'only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.'" *Id.* "The purpose of the exclusionary rule is to deter unlawful police misconduct; therefore, when officers engage in 'objectively reasonable law enforcement activity' and have acted in good faith when obtaining a search warrant from a judge or magistrate, the *Leon* good faith exception applies." *Id.*

The *Leon* good faith exception applies in all but four circumstances: (1) where the judge issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing judge wholly abandoned his judicial role; (3) where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that executing officers cannot reasonably presume it to be valid. *Id.* at 1313.

Here, Simmons does not argue that any of the above exceptions apply, and the undersigned finds that they do not. Therefore, even if Detective Curlee's affidavit lacked probable cause, the *Leon* good faith exception applies, and the evidence recovered from the search of the residence should not be suppressed.

## VI.  CONCLUSION

For the reasons stated above, the undersigned RECOMMENDS that Simmons's Motion to Suppress (Doc. 19) be DENIED. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before July 7, 2023.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of June, 2023.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE